**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ROBERT E. BARBER,**

                **Petitioner,**

      **v.**                                                             **CASE NO. 22-3130-SAC**

**CHANDLER CHEEKS,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As explained below, the Court will dismiss this matter for lack of jurisdiction.

In 2005, a jury in Labette County, Kansas convicted Petitioner of attempted first-degree murder and he was sentenced to 620 months in prison. *State v. Barber*, 2021 WL 1584683, *1 (Kan. Ct. App. April 23, 2021) (unpublished opinion), *rev. denied* Jan. 13, 2022. Petitioner unsuccessfully pursued a direct appeal and habeas corpus relief in the state courts. *See Barber v. State*, 2011 WL 6385646 (Kan. Ct. App. Dec. 16, 2011) (unpublished opinion affirming denial of K.S.A. 60-1507 motion), *rev. denied* Feb. 19, 2013; *State v. Barber*, 2007 WL 1309602 (Kan. Ct. App. 2017) (unpublished opinion affirming conviction on direct appeal), *rev. denied* Oct. 1, 2007.

In March 2013, Petitioner filed with this Court a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2005 convictions. *Barber v. McKune, et al.*, Case No. 13-cv-3040-SAC, Doc. 1. The Court denied the petition in June 2014. *Barber v. McKune*, 2014 WL 2604283 (D. Kan. June 11, 2014). Petitioner appealed but the Tenth Circuit denied his request for a certificate of appealability and dismissed the appeal. *Barber v. McKune*, 595 Fed. Appx. 817 (10th Cir. 2014).

Petitioner then filed in state court two motions to correct illegal sentence, one in 2014 and one in 2019. Both were unsuccessful. *See State v. Barber*, 2021 WL 1584683 at *1. After the Kansas Supreme Court denied review of the second motion to correct illegal sentence, Petitioner returned to this Court. On June 28, 2022, Petitioner filed in this Court his current petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**Discussion**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

The Court has conducted a preliminary review of the petition and attached exhibits and finds that this matter is a successive application for habeas corpus. As noted above, the first application was adjudicated in *Barber v. McKune, et al.*, Case No. 13-cv-3040-SAC. Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d

1015, 2026 (10th Cir. 2013). Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Petitioner has not done so.

Where a petitioner fails to obtain the prior authorization, the federal district court must dismiss the matter or, "if it is in the interest of justice," transfer the petition to the court of appeals for possible authorization. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). The sole asserted ground for relief in the petition is that the Kansas courts violated the ex post facto clause of the United States Constitution by denying his 2019 motion to correct illegal sentence. (Doc. 1, p. 5-6.)

Under 28 U.S.C. § 2244(b)(2),

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

The Court has reviewed the petition and concludes that

Petitioner has not made the required showings under 28 U.S.C. § 2244(b)(2) with respect to his claim in this petition.

In addition, when deciding if the interest of justice requires transfer to the Tenth Circuit for authorization to proceed with this successive habeas petition, the Court considers "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith." *See In re Cline*, 531 F.3d at 1251. Petitioner's claim appears unlikely to have merit. He did not make an ex post facto argument to the Kansas state courts, so the claim appears unexhausted and likely procedurally defaulted. Moreover, the case which Petitioner argues should have controlled the Kansas courts' rulings in his 2019 proceedings, *State v. Murdock*, 299 Kan. 312 (2014), was explicitly overruled by the Kansas Supreme Court in *State v. Keel*, 302 Kan. 560 (2015).

Thus, it would not serve the interest of justice to transfer the petition to the Tenth Circuit for possible authorization of this successive § 2254 petition. If Petitioner wishes, he may independently apply to the Tenth Circuit for authorization to proceed with this petition.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would

4

> find it debatable whether the petition states a valid
> claim of the denial of a constitutional right and that
> jurists of reason would find it debatable whether the
> district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed** as an unauthorized successive petition under 28 U.S.C. § 2254, which this Court lacks jurisdiction to consider. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 6th day of July, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

5